453 A.2d 987

Pauline COLODONATO and James Colodonato

v.

CONSOLIDATED RAIL CORPORATION, Appellant.

Superior Court of Pennsylvania.

Argued June 7, 1982.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Granted May 19, 1983.

George J. McConchie, Media, for appellant.

Henry B. Fitzpatrick, Philadelphia, for appellees.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the Judgment of the Court of Common Pleas of Delaware County by which damages for delay were added to the jury's award of both compensatory and punitive damages.

This action in trespass arose out of the rape of the wife-appellee in the suburban station in Philadelphia on June 23, 1976. The jury returned verdicts for both plaintiffs. Mrs. Colodonato was awarded compensatory damages of $250,000 and punitive damages of $500,000. Her husband was awarded $25,000 in compensatory damages.

The issue before the court arises from plaintiffs' motion to mold the verdict under *Pa.R.C.P. 238.* The question is whether *Pa.R.C.P. 238,* providing for the imposition of damages for delay in certain circumstances, applies to that portion of the jury's verdict that awarded punitive damages to Mrs. Colodonato. The court below awarded, without breakdown damages for delay on the total verdict of $750,-000 in favor of Mrs. Colodonato. Of the total award for delay damages, exactly two-thirds or $76,805.53 was computed on the punitive damages of $500,000. It is this sum that is in dispute between the parties and that is the subject of this appeal.

The pertinent part of *Pa.R.C.P. 238* is as follows:

"... in an action seeking monetary relief for bodily injury, death or property damage ... the court ... shall (1) add to the amount of compensatory damages in the verdict of a jury ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict..."

Plaintiffs-appellees contend that the rule is meant to apply to both compensatory and punitive damages. Since the issue has never been before the court, the exact meaning of the rule must be ascertained from the sparse case law dealing with that particular rule and also rules of construction.

The distinction between compensatory and punitive damages was explained in *Esmond v. Liscio,* 209 Pa. Superior Ct. 200, 224 A.2d 793 (1966). In that decision, it was held that "punitive damages are in no sense intended as compensation to the injured plaintiff. They are, rather, a penalty, imposed to punish the defendant and to deter him and others

from 'outrageous' conduct". The function of compensatory damages, on the other hand, is primarily "to shift the loss from a wholly innocent party to one who is at fault".

According to *Pa.R.C.P. 127:*

". . . When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

If one reads *Pa.R.C.P. 238* in light of the provisions of *Pa.R.C.P. 127,* it becomes clear that damages for delay are to be computed on compensatory damages only.

The purposes of *Pa.R.C.P. 238* were enunciated in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), which upheld the constitutionality of the rule. According to the Supreme Court "this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." In the course of further explaining the purpose of the rule, a statement was made by the court which may be helpful in the disposition of our case since it shed some light on the intended meaning of the rule. It was written that "although the award for delay of time may be 'in the nature of interest', in reality, it is merely *an extension of the compensatory damages* necessary to make the plaintiff whole." [Emphasis added]. If the damages for delay are considered to be an extension of the compensatory damages, it only follows that they are to be computed according to the amount of compensatory damages awarded, and not according to the entire sum which includes punitive damages.

Order reversed and case remanded with a procedendo in accordance with this opinion. Jurisdiction retained.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I dissent. The facts of this case showed a callous disregard for public safety on the part of Conrail and fully justified the jury's award of substantial punitive damages.

Following the verdict, the lower court molded the verdict by adding damages for delay under Pa.R.C.P. No. 238 at the rate of 10% per annum from October 16, 1979 to April 29, 1981.[1] The court rejected Conrail's argument that Rule 238 did not authorize the computation of delay damages on the punitive damages and judgment was entered in favor of Pauline Colodonato in the amount of $865,208.29 (including $115,208.29 of delay damages) and in favor of James Colodonato in the amount of $28,840.22 (including $3,840.22 of delay damages). Conrail has appealed from the judgment in favor of Pauline Colodonato insofar as it includes damages for delay computed on the punitive damages—a sum of $76,805.53 is thus in dispute.

When a rule, statute or other promulgation must be interpreted the first step is to examine the language of the rule.[2] Rule 238 provides in part:

"Award of Damages for Delay in an Action for Bodily Injury, Death or Property Damage.

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court ... shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

.     .     .     .     .

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more

1. At no time prior to trial had defendant made any offer to settle this case. See Motion to Mold Verdict and Defendant's Answer at R 2a and 3a. See Pa.R.C.P. 238(e) and (f).

2. Pa.R.C.P. No. 127.

than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

It is the position of the majority that the words "add to the amount of compensatory damages" mean that damages for delay shall be computed on the compensatory damages only and not on punitive damages.

It is immediately obvious, however, that the Rule does not say "computed on"; rather, the Supreme Court chose the words "add to". It would have been quite simple for the court to have directed that delay damages shall be "computed on the amount of the compensatory damages". It did not; and the fundamental precepts of statutory construction as well as the specific guidelines set out by the Supreme Court for the construction of its rules in Pa.R.C.P. No. 127 require that we give effect to all the provisions of the rule—here specifically the words "add to the amount of compensatory damages."

In addition, in structuring Rule 238, the Supreme Court included a section in which it specified those circumstances in which the rule was not to apply. Section (g) provides:

(g) This rule shall not apply to

(1) eminent domain proceedings;

(2) pending actions in which damages for delay are allowable in the absence of this rule.

The court could have included punitive damages in section (g). It did not; and I believe the omission indicates that the court did not intend to exclude punitive damages from the application of the rule.

The plain meaning of the language of the Rule is that the amount of delay damages should be computed upon the entire award including any punitive damages awarded. The amount thus computed should be added to the compensatory damages and judgment entered accordingly. This is a perfectly sensible approach since damages for delay, even for delay in paying punitive damages, are compensatory in nature and not designed to act as a penalty.

The paramount precept in the construction of the Supreme Court Rules is stated to be:

The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.[3]

The Supreme Court is more explicit when it directs that the following matters be considered in ascertaining the intention of the Court:

(1) the occasion and necessity for the rule;

(2) the circumstances under which it was promulgated;

(3) the mischief to be remedied;

(4) the object to be attained.[4]

Fortunately the Supreme Court itself has informed us on all of these points when it discussed the occasion for the promulgation of Rule 238, the mischief to be remedied and the object to be attained in the course of its opinion in *Laudenberger v. Port Authority of Allegheny County, et al.,* 496 Pa. 52, 58, 59, 436 A.2d 147, 150, 151 (1981). There the court said:

In September, 1978, the Civil Procedural Rules Committee proposed Rule 238 to this Court for its review and promulgation. In the accompanying explanatory comments, the Committee stated:

The judicial system has long been vexed by the problem of congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in the trial courts. Various techniques, such as compulsory arbitration, have helped to dispose promptly of the bulk of such cases in amounts under $10,000 in Philadelphia and Allegheny Counties and under $5,000 in other counties which have adopted compulsory arbitration. Nevertheless, there is still a considerable residue of so-called major cases not presently subject to arbitration.

**3.** Pa.R.C.P. No. 127(a).

**4.** Pa.R.C.P. No. 127(c).

There are also the appeals from arbitration which require further proceedings in the trial court.

Statistics show that... [t]hirty-eight percent are settled without going to trial. Some are settled through pre-trial conciliation techniques, but in too many cases meaningful negotiations commence only after a trial date is fixed or on the courthouse steps or in the courtroom, thus leading to delay in the disposition of cases and congestion in the courts. The present practice provides no incentive for early settlement.

In the usual civil action for bodily injury, death or property damage, there is no compensation to the successful plaintiff and no sanction against the defendant for the long delay between commencement of the action and the trial.

8 *Pa. Bulletin* 2668 (1978). These explanatory notes have not been officially adopted or promulgated by this Court, nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted.

Articulating that purpose the Supreme Court went on to state:

Undeniably, this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts.

496 Pa. at 59, 436 A.2d at 151.

We are thus furnished with a clear identification of the problem which the Supreme Court sought to eradicate by the promulgation of Rule 238, *viz.*, court congestion caused by the failure to dispose of cases seeking monetary relief for bodily injury, death or property damage or any combination thereof. In the ordinary scheme of things some cases seeking such relief will include a claim for punitive damages in addition to compensatory damages—as this case does—and

some cases will seek only compensatory damages. Even the briefest reflection on the mechanics of the rule will reveal that if delay damages are to be imposed on the compensatory portion of a verdict only, as the majority holds, the Supreme Court's purpose in promulgating the rule will be thwarted in all cases where punitive damages are sought. This is so because cases cannot be settled in sections; plaintiffs cannot be expected to accept an offer to settle the compensatory section of a case (even though in a given case a plaintiff might regard the offer to be reasonable as to compensatory damages) and then try the punitive section.[5] Moreover, if the calculation of delay damages on the punitive portion of verdicts is eliminated, then the motivation of defendants to make early settlements in punitive damage cases is eliminated. I view this as an unnecessary dilution of the impact of Rule 238, and at the same time anomalous providing, as it would, better treatment for those whose conduct is outrageous as compared to those whose conduct is merely negligent.

Nor has appellant advanced any reason which persuades me that an entire category of cases should be removed from the application of Rule 238. Appellant points to four considerations which it cites as supportive of its interpretation of the intent of the Supreme Court.

First, appellant points out that the purpose of punitive damages is not to make the plaintiff whole (but rather to punish and deter). However that may be, we are here concerned not with the purpose of punitive damages but with the purpose of *delay* damages and the purpose of delay

---

**5.** As the lower court observed in the course of its opinion:

"We feel that the Rule is particularly applicable to a case such as the present one. From the time this matter was certified as ready for trial through the pre-trial conference and settlement discussion and negotiations, all parties in interest were aware that punitive damages were an integral part of the case. Because of the serious circumstances involved in the case, the defendants knew full well their exposure in facing a jury empowered with awarding compensatory and punitive damages. In fact, it is fair to say that punitive and compensatory damages were inextricably entwined in this case."

damages *is* to make the plaintiff whole.[6] This purpose can only be accomplished by computing the delay damages on the *entire sum* withheld from the plaintiff by the defendant.

Second, appellant asserts that very few cases include claims for punitive damages and therefore if the rule accomplishes no improvement in the settlement prospects of these cases not much will have been lost. We are privy to no statistics on this point; however, even if the number of punitive damage cases is proportionately small, it may be that in an absolute sense the number of punitive damage cases is not insubstantial.

Third, appellant asserts that the "majority of backlog cases" involve insured defendants and contends that there is a public policy in Pennsylvania which prohibits one's obtaining indemnification by way of insurance for punitive damages. Thus, it is argued, the intent of the rule is largely frustrated in punitive damage cases anyway. I find no support for the supposition that the Supreme Court reserved to insurance companies the motivation for early settlement of cases it sought to impart by the enactment of Rule 238. As a matter of fact, the Supreme Court dealt with this very argument which was pressed by the defendants in the *Laudenberger* case. There the defendants complained that "Rule 238 also stings uninsured defendants who are without the use of reserve funds for investment." The Supreme Court responded:

> As evidenced by appellees' own language, they misstate the aim of the rule by concentrating their attention on one by-product of the rule. It is true that Rule 238 does disgorge profits on funds placed in reserve by insurance companies for up-coming trials. However, while some defendants may in fact be uninsured, they have nonetheless caused the loss to the plaintiffs by their tortious conduct and owe compensation to their victims. Uniform-

6. "Although the award for delay of time may be 'in the nature of interest', in reality it is merely an extension of the compensatory damages necessary to make a plaintiff whole." *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 66, 436 A.2d 147, 154 (1981).

ly, the plaintiffs are the parties prejudiced by the long litigation process; whether the defendants are insured or uninsured does not lessen their loss.

496 Pa. at 71, 436 A.2d at 157.

Fourth, appellant contends that the Supreme Court meant to exclude punitive damage cases from those it sought to get off the trial lists and out of the judicial system by encouraging settlements because they are difficult to evaluate—at least more difficult than non-punitive cases. I reject this generalization out of hand. There are limitless gradations of difficulty in the evaluation of cases for settlement—whether they involve punitive damages or not. Punitive damage cases may be one type of case which is difficult to evaluate; cases involving multiple defendants can be another; cases involving serious liability questions can be another; cases involving the death of a child another. In those cases the defendants may have to make a special effort to evaluate the case—presumably they will if they know they will be paying delay damages if they don't; contrariwise, if the defendant in any of those types of cases knows it will not be paying delay damage—that it can keep the money and invest it—there is no motivation for it to make any effort, let alone a special effort, to evaluate the case so that an offer of settlement may be made.

Having determined that the primary purpose of the rule—alleviation of congestion in the courts—can best be achieved by not excluding punitive damage cases from its application and having found no countervailing disadvantage I now examine the second purpose of the rule which is to provide compensation to the plaintiff.[7] Obviously, this purpose of

7. "In the usual civil action for bodily injury, death or property damage, there is no compensation to the successful plaintiff and no sanction against the defendant for the long delay between commencement of the action and the trial." Explanatory Notes of Pa.Civil Procedural Rules Committee, *Pa. Bulletin* 2668 (1978). In *Laudenberger v. Port Authority of Allegheny County*, et al., *supra*, 496 Pa. at 59, 436 A.2d at 151. The Supreme Court of Pennsylvania referred to Rule 238 as follows: "Undeniably this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him..."

the rule will be better served if the plaintiff is fully compensated rather than partially compensated. Punitive damages are no less real money than compensatory damages and the interest earned on punitive damages is no less of a benefit to the defendant than the interest earned on compensatory damages and the plaintiff is no less deprived of the use of one than of the other.

Viewed in this context the Supreme Court's direction that the court "add to the amount of compensatory damages . . . damages for delay" is thoroughly understandable: it directs that the delay damages be added to the compensatory damages because that is what the delay damages are—compensation. They are to compensate the plaintiff who has been denied the use of the punitive damages as well as the compensatory damages.

The reliance by the majority on the language of the Supreme Court in *Laudenberger, supra,* that damages for delay are "an extension of the compensatory damages necessary to make the plaintiff whole" misconstrues the point the Supreme Court is making, i.e., that delay damages are no different from any other damages designed to make a plaintiff whole "for an injury done or wrong sustained" which in this case is the "secondary derivative wrong perpetrated by the defendant in delaying settlement." *Laudenberger, supra.* Both the Pennsylvania and New Jersey Courts have viewed the withholding of damages as a separate, "secondary, derivative"[8] or "second" wrong.[9]

The delay in the payment of the punitive damages which are "inextricably entwined"[10] with the compensatory damages was just as long and just as wrong as the delay in the payment of the compensatory damages and if the plaintiff is to be compensated as the Supreme Court says he is[11] this is

8. *Laudenberger, supra.*

9. *Busik v. Levine,* 63 N.J. 351, 307 A.2d 571 (1973), *appeal dismissed,* 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973).

10. *Laudenberger v. Port Authority of Allegheny County, et al., supra.*

11. *Laudenberger v. Port Authority of Allegheny County, et al., supra.*

not accomplished by limiting the delay damages to any less than that which was withheld. The Supreme Court has said:

> The defendants, on the other hand, have suffered no wrong. They, as the tortfeasors, are not unjustly deprived of compensation during the course of pretrial delays.[12]

I would hold that the court below properly added to the compensatory damages delay damages which it computed on both the compensatory and punitive portions of the verdict and accordingly would affirm its order.

12. *Laudenberger v. Port Authority of Allegheny County, et al.,* 496 Pa. at 69, 436 A.2d at 156.