## Kobaly v. Scoa Industries, Inc.

*Daniel L. Webster,* for plaintiff.
*Paul T. Grater,* for defendants.

FRANKS, *J.,* October 29, 1984—Plaintiff, Robin Kobaly, in her motion to amend the verdict, has raised two separate issues under Pa.R.C.P. 238, concerning the awarding of delay damages. In the

first instance plaintiff asks the court to apply Rule 238 to the punitive damage portion of the jury's verdict. The second query solicits the court to add delay damages to a jury verdict for causes of action in false imprisonment, malicious prosecution, and false arrest. After a careful inquiry we are compelled to find in the negative on both issues.

Our decision regarding plaintiff's first issue is guided by the Pennsylvania Supreme Court's opinion in the case of Colodonato v. Consolidated Rail Corp., 504 Pa. 80, 470 A.2d 475 (1983). In the Colodonato case the Supreme Court, in affirming the order of the Superior Court, held that Pa.R.C.P. 238 was clear and unambiguous and that its language required damages for delay to be computed on compensatory damages only. Justice Nix, writing the majority opinion, opined:

"Nothing in section (a)(1) of that Rule [238] offers any indication that damages other than compensatory damages are to be increased or to be considered in computing the increase in compensatory damages. To the contrary, section (a)(1)'s explicit reference to 'compensatory damages' and its corresponding silence as to all other damages assessed by the court prior to the award of delay damages reflects (1) an acknowledgment of the possibility of other components, such as punitive damages, in an award made in the types of actions covered by Rule 238, and (2) a conscious intent to exclude such non-compensatory amounts from the operation of the Rule. Thus we are satisfied that the clear and unambiguous language of Rule 238 expressly precludes delay damages from being computed upon punitive damages."

We believe that this ruling correctly governs the instant case and our reading of the dissent does not persuade us to adopt its premise. Accordingly, we

find that delay damages under Pa.R.C.P. 238 are not to be computed upon punitive damages.

Plaintiff's second issue asks whether or not delay damages may be had in cases concerning false imprisonment, malicious prosecution, and false arrest. Essentially, plaintiff is asking this court to interpret and define the phrase "bodily injury" as it is used in Pa.R.C.P. 238. The questionable portion of that rule reads, ". . . in an action seeking monetary relief for bodily injury, death, or property damage. . . ." In determining whether ambiguity is present in this phrase we are required to interpret the words in accordance with the established rules of construction. Words and phrases are to be construed according to rules of grammar and according to their common and approved usage. Pa.R.C.P. 103. We are convinced that the word "bodily" refers to the flesh and blood of an individual only and does not include mental states.

Webster's Collegiate Thesaurus, 1976 edition, treats "bodily" as being of, or relating to, the human body; carnal , corporal, corporeal, fleshly, physical, somatic, and contrasted with intellectual, mental, psychic, psychological, spiritual, and unworldly. Additionally, Blacks Law Dictionary, 5th edition (1979), defines "bodily" as pertaining to or concerning the body; of or belonging to the body or the physical constitution; not mental but corporeal.

Our investigation into case law has failed to provide us with a Pennsylvania case on this point. However, other jurisdictions have been confronted with this question. In tort actions alleging mental suffering the courts of these other jurisdictions have consistently distinguished mental and emotional harm from physical harm, whether or not they recognize mental suffering as a separate cause of action. See Piorkowski v. Liberty Mutual Ins. Co.,

68 Wis.2d 445, 228 N.W.2d 695 (1975). Also, the use of the term "bodily injury" in an insurance liability policy limits the harm covered by the policy to physical injury, sickness, or disease and does not include nonphysical harm to the person. Rolette County v. Western Casualty & Surety Co., 452 F.Supp. 125, 130 (1978).

Based on the above we find the phrase "bodily injury" to be clear and unambiguous and as such does not include mental or emotional harm. We recognize counsel's argument concerning the proper interpretation of Rule 238, but if the Supreme Court had intended to include mental or emotional harm in the granting of delay damages then it could have used a more liberal term than "bodily injury" in the rule. For example, it might have employed the term "personal injury" or even the phrase "any injury arising from tortuous conduct". However, the Supreme Court chose the words "bodily injury" with apparent intent to limit delay damages to just physical harm.

Further, it is our opinion that under Rule 238 the threat of punitive damages is sufficient exposure to financial liability so as to induce the settlement of cases and thus aid in preventing and/or alleviating congestion of cases in the courts. There is no need to construe the meaning of the rule to encompass mental or emotional harm absent an indication by the Supreme Court that its intent of the rule was to include this type of injury. The rule in its present state obviously is not intended to embrace all tort-related damages.

Plaintiff's motion to amend the verdict is refused and denied.