450 A.2d 157

**ERIE HUMAN RELATIONS COMMISSION ex rel. Sanford DUNSON, Appellant,**

v.

**ERIE INSURANCE EXCHANGE and H. O. Hirt, Manager.**

Superior Court of Pennsylvania.

Argued June 15, 1982.

Filed Sept. 10, 1982.

Robert D. Hain, Erie, for appellant.

Roger H. Taft, Erie, for appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ:

PER CURIAM:

In 1972, Appellants filed a complaint in equity, alleging that Appellees had discriminated against Appellant Dunson by discharging him from their employment in 1971. Appellees filed a demurrer, which was sustained by the lower court. Appellants then appealed to Commonwealth Court,[1] which held that Appellees had not followed the procedures dictated by 53 Pa.C.S.A. § 11301 et seq. (Local Agency Law). The Commonwealth Court vacated the demurrer and remanded to allow Appellees to file an answer. The Supreme Court of Pennsylvania affirmed.[2]

On March 15, 1976, Appellees filed an answer and new matter. Approximately two and one-half years later, Appellants filed a reply to new matter and a motion for judgment on the pleadings. Appellees filed a petition for non pros,

1. *Erie Human Relations Comm'n ex rel. Dunson v. Erie Ins. Exch.*, 12 Pa.Commw. 267, 315 A.2d 663 (1974).

2. *Erie Human Relations Comm'n ex rel. Dunson v. Erie Ins. Exch.*, 465 Pa. 240, 348 A.2d 742 (1975).

which the court granted on December 12, 1979. Appellants filed exceptions, which were denied on January 30, 1980. This is an appeal from the order dismissing exceptions. Notice of this appeal was filed on February 14, 1980. For the following reasons, we quash the instant appeal.

The Pennsylvania Rules of Civil Procedure do not provide for the filing of exceptions to a judgment of non pros. Appellants' exceptions were similar to a petition for reconsideration. *See Dellacasse v. Floyd,* 332 Pa. 218, 220–21, 2 A.2d 860, 862 (1938). A petition for reconsideration will not stay the appeal period. *Provident National Bank v. Rooklin,* 250 Pa.Super.Ct. 194, 378 A.2d 893 (1977). Appellants should have filed an appeal within the thirty-day period following the grant of the non pros. Because Appellants did not file their appeal until after the lower court had denied their exceptions, the instant appeal is untimely.

For the foregoing reasons, the instant appeal is quashed.