495 A.2d 1384

Peter J. LIVOLSI and Albert W. Betler, on Behalf of the Laborers District Council of Western Pennsylvania Welfare and Pension Funds and as Agents for Western Pennsylvania Heavy and Highway Construction Advancement Fund and the Laborers District Council of Western Pennsylvania and its Affiliated Local Unions

v.

Walter CROSBY and Janice Kownacki, His Wife.

### Appeal of Janice KOWNACKI.

Superior Court of Pennsylvania.

Submitted March 11, 1985.

Filed June 7, 1985.

Reargument Denied Aug. 19, 1985.

John P. Eppinger, Erie, for appellant.

Richard T. Ruth, Erie, for appellees.

Before DEL SOLE, HESTER and FEENEY*, JJ.

DEL SOLE, Judge:

On April 19, 1983, the Appellees filed a writ of summons in trespass and assumpsit against the Appellant, Janice Kownacki. She was personally served on April 22, 1983 and on April 29, 1983, Appellees filed and attempted to serve a motion to produce documents on her. After several attempts were made to give notice of the motion by means of certified mail, the Appellant was personally served with the motion to produce records on May 31, 1983.

Appellant failed to comply with the motion to produce nor did she object to the motion. Subsequently, a motion for sanction orders and sanction proceedings were initiated on July 18, 1983. Once again, Appellant did not respond to this motion.

The trial court on September 26, 1983 issued an order pursuant to Pa.R.C.P. 4019(c) directing that the Appellant produce the documents contained in the original motion to produce within seven days or a judgment would be entered against her. Once again, Appellant failed to comply with the order of the court and a rule to show cause why default judgment should not be entered was filed and served on Appellant. The court conducted a hearing on November 25, 1983 at which time the Appellant did not appear and, subsequently, on February 6, 1984 the court entered a final judgment against the Appellant in the amount of $8,422.03. From this judgment of February 6, 1984 the Appellant did not appeal.

* Judge John M. Feeney of the Court of Common Pleas of Allegheny County, Pennsylvania is sitting by designation.

On March 12, 1984, the Appellant's counsel filed a petition to open and/or strike the judgment. The trial court denied the Appellant's request for relief on June 18, 1984 and Appellant, on July 5, 1984, filed this appeal from the trial court's order. However, in this appeal the Appellant is not asking us to review the correctness of the trial court's denial of the petition to open and/or strike. Instead, she challenges the propriety of the trial court's judgment order as a sanction for her failure to comply with discovery. For the reasons stated, we quash the appeal.

This Court has recently ruled that a judgment which is entered by the trial court pursuant to Pa.R.C.P. 4019(c)(3) as a sanction is not properly challenged by means of a petition to open. *Miller Oral Surgery, Inc. v. Donald D. Dinello, D.M.D.*, 342 Pa.Super. 577, 581, 493 A.2d 741, 743 (1985). There, the Superior Court found that:

"a sanction order entering judgment pursuant to Pa.R. C.P. 4019(c)(3) is not subject to a petition to open. There is no authority in the rules for such a petition, and orderly practice suggests that there should be none."

In that case, the appeal was found to be interlocutory since the judgment entered was for liability, damages to be determined at a later date.

In the instant case, the trial court entered judgment in a dollar amount so that the judgment was final. Consequently, the appeal time began to run from the date of the entry of the judgment and, since no appeal was taken within 30 days from that date, the instant appeal is not properly before us.

As was said in *Miller Oral Surgery, Inc.*

"a sanction order entering judgment pursuant to Pa.R. C.P. 4019(c)(3) is not subject to a petition to open. There is no authority in the rules for such a petition, and orderly practice suggests that there should be none." In this respect, default judgment entered pursuant to Pa.R. C.P. 4019(c)(3) is comparable to a judgment entered after hearing. A party may request the court to reconsider a sanction order entering a judgment, of course, but neither

reconsideration nor refusal to reconsider will transform an interlocutory order into one that is final and appealable."

Here, the order entered was not interlocutory since it encompasses both liability and damages. However, the reasoning remains the same, where, as here, the action was taken pursuant to Pa.R.C.P. 4019(c) the order is not subject to attack by a petition to open and/or strike a judgment.

Where, as here, a trial court has entered a sanction order for both liability and damages, the judgment then being final, the appropriate method for review would be an appeal within the time prescribed by Pa.R.App.P. 903. The attempt to raise an appealable issue by filing a petition to open the judgment will not be allowed.

Appeal quashed.