504 A.2d 335

**Rosemary SIMPSON, Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY, a corporation, Appellee.**

**Rosemary SIMPSON**

**v.**

**ALLSTATE INSURANCE COMPANY.**

**Appeal of John A. ROBB, Jr., Esquire.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1985.

Filed Jan. 24, 1986.

240

John A. Robb, Jr., Pittsburgh, for Allstate Ins., appellant, (at 471) and appellee (at 470).

Charles W. Garbett, Ellwood City, for Rosemary Simpson, appellant, (at 470) and appellee (at 471).

Before SPAETH, President Judge, and BROSKY, ROWLEY, WIEAND, McEWEN, CIRILLO, OLSZEWSKI, MONTEMURO and TAMILIA, JJ.

WIEAND, Judge:

Rosemary Simpson commenced an action in assumpsit against Allstate Insurance Company (Allstate) to recover a fire loss of $35,468 for which Allstate allegedly had agreed to indemnify her pursuant to a policy of fire insurance. After Allstate had refused to respond to Simpson's request for the production of certain statements of witnesses and other documents, Simpson obtained a court order, dated April 14, 1982, directing Allstate to produce the requested documents for examination within thirty days. Appellant's counsel again failed to produce the required documents. Simpson's threats to obtain a sanction order from the court also failed to produce action. Finally, by letter dated October 6, 1982, Simpson's counsel notified Allstate's attorney that a motion for the imposition of a sanction in the nature of a judgment on the claim would be presented to the trial court on October 11, 1982 unless Allstate complied with the court's discovery order before that date. Allstate failed to comply, and its counsel failed to appear in opposition when the motion for sanctions was presented to the court. The motion, therefore, was granted. The trial court, pursuant to Pa.R.C.P. 4019(c)(3), directed the prothonotary to enter judgment against Allstate by order dated October 13, 1982.

The judgment was entered the following day, October 14, 1982.

Five days later, the discovery material having been deliv-ered in the interim, Allstate filed a petition to open the judgment. Simpson filed an answer, and the petition to open was argued before the court. Thereafter, more than five months after the judgment had been entered, the trial court entered the following order:

AND NOW, this 22nd day of March, 1983, upon consideration of the motion to open default judgment by defendant, Allstate Insurance Co., and after hearing argument thereon, in accordance with Pa.R.C.P., No. 4019, the Court finds that defendant has willfully violated the Pennsylvania Rules of Civil Procedure for failure to produce discoverable materials, which justifies the entry of this ORDER, and therefore, ORDERS:

(1) that the petition to open default judgment is granted;

(2) that defense counsel, as a disobedient party, is hereby held in contempt of court pursuant to the Judiciary Act of 1976, July 9, P.L. 586, No. 142, § 2 (42 Pa.C.S.A. § 4131 *et. seq.*) and fined in the amount of $3,000 for failing to obey the Court's Order dated April 14, 1982 for a period of approximately six months;

(3) that defense counsel shall be responsible for all reasonable attorney fees incurred by plaintiff's counsel in his attempt to obtain discovery including the motion for sanctions and the motion to Open Default Judgment filed pursuant to the Pa.R.C.P. Rule No. 4010(g)(1); that amount is due upon presentment of a statement to defense counsel by counsel for the plaintiff;

(4) that interest due will be computed at the current prime rate from the date of the original default judgment in October of 1982, or the rate pursuant to Pa.R.C.P. No. 238, whichever is higher, for the amount of monetary damages if the plaintiff is later entitled to a judgment from defendant. Although damages for delay are compensatory and not punitive, this court does not consider

the interest portion of this Order as a penalty, but rather as compensation for the plaintiff because of the delay incurred by defense counsel. *See Esmond v. Liscio*, 209 Pa.Super. 200, 224 A.2d 793 (1966); *see also Colodonafo v. Consolidated Rail Corp.*, 307 Pa.Super. 478, 453 A.2d 987 (1982).

Two appeals were filed from this order. One appeal was filed by Simpson, who contends that the trial court erred when it opened the judgment previously entered. The other appeal was filed by John A. Robb, Jr., Esquire, counsel for Allstate, who contends that the court erred when it held him in contempt of court without prior notice. We agree with the contentions made by both appellants. The trial court's reconsidered order of March 22, 1983 was improper and will be set aside.

█ The Simpson appeal from the trial court's order has been properly filed. Pa.R.App.P. 311(a) establishes that "an appeal may be taken as of right from: (1) [a]n order opening, vacating or striking off a judgment...." The trial court's order, which purported to "open" and, in any event, vacated the prior judgment was appealable by Simpson as of right. *Hunter v. Employers Insurance of Wausau*, 347 Pa.Super. 227, 500 A.2d 490 (1985).

The judgment in this case was not entered by confession pursuant to warrant of attorney, nor was it entered by default upon praecipe. Instead, it was entered by the trial court in a contested civil action because of Allstate's willful refusal to comply with the court's discovery order. The judgment entered by the court was not a "default judgment" as that term is generally understood. It was not merely a judgment entered upon praecipe by the prothonotary. Rather, it was a judgment entered in a contested proceeding pursuant to court order. See: *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 580, 493 A.2d 741, 743 (1985).

"Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper

cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]." *Klugman v. Gimbel Brothers, Inc.*, 198 Pa.Super. 268, 272, 182 A.2d 223, 225 (1962). A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. See: 42 Pa.C.S. § 5505.[1] Thereafter, the judgment cannot normally be modified, rescinded or vacated. *Hunter v. Employers Insurance of Wausau, supra*. Similarly, it cannot be "opened." *Livolsi v. Crosby*, 344 Pa.Super. 34, 36, 495 A.2d 1384, 1385 (1985); *Miller Oral Surgery, Inc. v. Dinello, supra*, 342 Pa.Super. at 580, 493 A.2d at 743; *Kappel v. Meth*, 125 Pa.Super. 443, 448–450, 189 A. 795, 797–798 (1937).

"This doctrine, respecting judgments entered [in adverse proceedings], has a very definite function, namely, to establish a point at which litigants, counsel and courts ordinarily may regard contested lawsuits as being at an end." *Klugman v. Gimbel Brothers, Inc., supra*, 198 Pa.Super. at 272, 182 A.2d at 225. See also: *Kappel v. Meth, supra*, 125 Pa.Super. at 450, 189 A. at 798. "A contested action yields a judgment in which the value of finality is greatest. There has been a decision following an examination of the critical issues through bilateral participation of the parties.... For all the reasons that finality of judgments is important, such a judgment should be invulnerable except upon a showing of extraordinary miscarriage." Restatement (Second) of Judgments, Introductory Note to Chapter 5, p. 152.

A party may always request a court to reconsider a judgment entered in adverse proceedings. However, such a request must be made within thirty days. "Absent a stay, the [trial] court must grant the petition for reconsideration within the thirty day appeal period to toll the appeal period.... If the [trial] court does not expressly grant reconsideration or enter an appropriate stay within the thirty day

1. This statutory provision is as follows:
   Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within thirty days after entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

appeal period, its 'power ... to act on the application for reconsideration ... is lost.' " *Leonard v. Andersen Corp.,* 300 Pa.Super. 22, 25–26, 445 A.2d 1279, 1281 (1982) (citations omitted).

Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." *Klugman v. Gimbel Brothers, Inc., supra,* 198 Pa.Super. at 272, 182 A.2d at 225. See: *Brodsky v. Philadelphia Athletic Club, Inc.,* 277 Pa.Super. 549, 553–554, 419 A.2d 1285, 1287–1288 (1980); *Dormont Motors, Inc. v. Hoerr,* 132 Pa.Super. 567, 570–571, 1 A.2d 493, 494–495 (1938); *Kappel v. Meth, supra.* An oversight by counsel in failing to appeal does not constitute "extraordinary cause" which permits a trial court to grant relief from a final judgment entered in a contested action. *Klugman v. Gimbel Brothers, Inc., supra,* 198 Pa.Super. at 273, 182 A.2d at 225. See also: *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 144, 104 A. 863, 864 (1918), quoting *Singer v. Delaware, Lackawanna & Western Railroad Co.,* 254 Pa. 502, 98 A. 1059 (1916); *Livolsi v. Crosby, supra.* Compare: *Estate of Gasbarini v. Medical Center of Beaver County,* 487 Pa. 266, 409 A.2d 343 (1979).

■ The judgment in this case was entered on October 14, 1982. Allstate's petition, whether we deem it a petition to open or a petition to reconsider the judgment, was filed five days after the judgment had been entered. However, the trial court did not act on the petition within thirty days, and no appeal was ever taken from the judgment. At the end of thirty days, therefore, the judgment became final. When the trial court subsequently attempted to open the judg-

ment without any showing of fraud or other extraordinary cause, it erred.

■ The order which the trial court entered on March 22, 1983 suggests that it had reconsidered its prior action and had determined that a more appropriate sanction for conduct which the court deemed "willful" disobedience would be to hold counsel in contempt. The purpose of this contempt order, as can be determined by the circumstances and by the terms of the order itself, was not to coerce but to punish. This was an indirect, criminal contempt. See: *Commonwealth v. Marcone*, 487 Pa. 572, 577, 410 A.2d 759, 762 (1980); *Grubb v. Grubb*, 326 Pa.Super. 218, 222, 473 A.2d 1060, 1062 (1984). Because indirect criminal contempt is a crime, an accused must be accorded essential procedural safeguards. *Commonwealth v. Charlett*, 481 Pa. 22, 26, 391 A.2d 1296, 1298 (1978); *L & J Equipment Co. v. United Mine Workers of America*, 339 Pa.Super. 51, 56, 488 A.2d 303, 306 (1985). See: 42 Pa.C.S. § 4136. Allstate's counsel in this case was not accorded essential, procedural safeguards. He was not given any notice that a charge of criminal contempt was being considered by the court; and he was given no opportunity to be heard in response to such a charge. The order holding him in contempt and imposing a fine of $3,000, costs and interest, came without warning in response to a petition to open [2] a judgment which the trial court had previously entered. This was improper.

■ For the foregoing reasons, the trial court's order of March 22, 1983 must be reversed and set aside; and the judgment entered on October 14, 1982 must be reinstated.[3]

It is so ordered.

2. The contempt issue was not raised or even alluded to in the petition to open the judgment.

3. This judgment bears interest at the legal rate. Damages at the rate of ten percent, as provided by Pa.R.C.P. 238, are not recoverable in a contract action. *Reliance Universal, Inc. of Ohio v. Ernest Renda Contracting Co., Inc.*, 308 Pa.Super. 98, 107, 454 A.2d 39, 44 (1982).

SPAETH, President Judge, joined in this opinion before the expiration of his term on the court.

OLSZEWSKI, J., filed a concurring and dissenting statement.

OLSZEWSKI, Judge, concurring and dissenting:

I agree with the majority that the judgment of October 14, 1982 should not have been opened, and that the trial judge should have held a hearing before holding counsel in contempt of court. However, I dissent from the final order because I feel the matter should be remanded for a hearing on the contempt issue.