523 A.2d 399

**Donald LUCKENBAUGH and Nancy Luckenbaugh, His Wife**

**v.**

**John SHEARER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1986.

Filed March 23, 1987.

10

David Mills, York, for appellant.

Robert C. Spitzer, Harrisburg, for appellees.

Before CIRILLO, President Judge, and ROWLEY, OLSZEWSKI, DEL SOLE, MONTEMURO, BECK, TAMILIA, KELLY and POPOVICH, JJ.

DEL SOLE, Judge:

On April 28, 1983, the plaintiffs commenced a lawsuit against the defendant, John Shearer, Jr. and one Mary Straley, by filing praecipe for writ of summons. The summons was properly served and on July 31, 1984, the plaintiffs' complaint was filed seeking damages from the defendants averring that the defendants either jointly or severally, by applying chemicals to land which they either owned or farmed, had damaged the plaintiffs' well and drinking water supply.

Subsequently, the defendant, Mary Straley, filed preliminary objections in the nature of a demurrer, and the trial court by order of November 16, 1984 sustained the preliminary objections and granted the demurrer. No appeal was filed from that order and Mary Straley is no longer a party in this litigation.

On October 18, 1984, the defendant propounded interrogatories to the plaintiffs which were not answered. Subsequently, on February 19, 1985, the defendant filed a petition to compel answers to interrogatories. The petition recited repeated requests, both oral and written, to plaintiffs' counsel for the answers, all of the requests having failed to produce the required responses. On February 19, 1985, the trial court entered an order directing that answers be filed within ten days or sanctions would be imposed.

On March 20, 1985, the defendant moved for sanctions and the trial court entered an order dismissing the plaintiffs' case with prejudice for failure to answer the interrogatories.

On April 1, 1985, the plaintiffs filed a petition to strike the dismissal, open judgment and motioned for rule to show cause. On that same date, the trial court issued a rule on the defendant to show cause why its order of dismissal should not be stricken and judgment opened. Subsequently, the defendant filed an answer to the plaintiffs' motion. Both plaintiffs' and defense counsel filed affidavits in support of their respective positions and on August 8, 1985, the trial court entered an order striking the dismissal and opening the judgment that it previously entered as a sanction for the plaintiffs' failure to timely file answers to interrogatories. From this August 8, 1985 judgment, the defendant appeals.

■ Initially, it should be noted that Pennsylvania Rule of Appellate Procedure 311(a) establishes the right of the defendant to appeal from the order entered. Rule 311(a) provides that "an appeal may be taken as of right from: (1) [a]n order opening, vacating or striking off a judgment...." The trial court's order, which *purported* to "open" and "strike" its judgment was appealable. See *Simpson v. Allstate Insurance Co.*, 350 Pa.Super. 239, 504 A.2d 335 (1986); *Hunter v. Employers Insurance Co. of Wausau*, 347 Pa.Super. 227, 500 A.2d 490 (1985).

█ The judgment entered in this case however, was not entered by confession pursuant to a warrant of attorney. Also, it was not entered by default upon the filing of a praecipe. Rather, it was entered by the trial court in a contested proceeding because of the failure of the plaintiffs to comply with appropriate discovery requests. As such, it is not subject to attack by a petition for a rule to show cause why judgment should not be open and/or stricken. *Livolsi v. Crosby*, 344 Pa.Super. 34, 495 A.2d 1384 (1985); *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 493 A.2d 741 (1985).

A judgment entered in a contested proceeding which ends the litigation must either be appealed within thirty days or the trial court must expressly grant reconsideration within thirty days from the entry of the judgment. Pa.R.A.P. 1701, 42 Pa.C.S.A.

█ Here, the trial court's action was well beyond the thirty-day time period in which it had to act to grant reconsideration. Also, the granting of rule to show cause is not a grant of reconsideration and, therefore, did not operate to prevent the thirty-day appeal period from expiring. *Hook v. Athens Area School Dist.*, 50 Pa.Comwlth.Ct. 420, 413 A.2d 1151, 1153 (1980).

> In this Court's decision in *Simpson*, we restated that: Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgment regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstances "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court ... (citations omitted).

*Simpson v. Allstate*, 350 Pa.Super. at 245, 504 A.2d at 337.

█ As in *Simpson*, the trial court in the case *sub judice* did not act on a request to reconsider its judgment,

or open same, within thirty days from the date of its entry. Therefore, following the expiration of the thirty-day period, the judgment became final. When the trial court did enter its order and opinion in this case, it referred to extraordinary cause and stated that same existed by determining that there was the possibility of a postal mishap in that the answers to interrogatories were mailed by plaintiff's counsel to defense counsel but were not delivered. While this "postal oversight" may have been more than sufficient reason for the trial court to act to open the judgment within thirty days from its entry, this type of failure does not rise to the level of extraordinary cause as contemplated by the cases which permit a trial court to act once the judgment has become final and the appeal time has expired. The extraordinary cause referred to in *Simpson* and other cases is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.

In the instant case, the Appellees were aware of the entry of the judgment well within the time prescribed for filing an appeal.

In the Dissenting Opinion by President Judge Cirillo it must be pointed out that the dissent confuses what might have been a sufficient reason for the court's acting within the appeal time to open the judgment, namely "postal oversight" and an excuse for failure to act or file an appeal as required within thirty days of the entry of that final judgment. Also, the dissent's reference to *Great American Credit Corp. v. Thomas Mini Markets, Inc.*, 230 Pa.Super. 210, 326 A.2d 517 (1974) is misplaced. There, our court affirmed the action of the trial court in opening a final judgment well beyond the time allowed for two main reasons. One, through oversight on the part of the court or its staff, the Appellant's request for an extension of time previously made was misplaced and not granted while the

Appellant had been informed that the requested extension had been granted and two, the court stated:

> Moreover, the delay between entering the first order and the second was, in part, occasioned by the fact that Appellee never received notice that the Motion for Summary Judgment had been granted. He had filed an answer and was apparently under the impression that the court was considering the case on the merits as presented in the motion and answer.

230 Pa.Super. at 214, footnote 5, 326 A.2d 517.

In the case *sub judice* it is obvious that the Appellees knew of the entry of the March 20, 1985 order entering the final judgment well within the appeal period since on April 1, 1985 they filed their petition to strike the dismissal and open the judgment.

As we have repeatedly stated, once a final order or judgment is entered, an appeal must be filed within thirty days or, the trial court must expressly grant reconsideration within thirty days. If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open and/or strike.

Therefore, we vacate the order of the trial court dated August 8, 1985 opening the judgment and striking its order of dismissal and reinstate the trial court's order of March 20, 1985 dismissing the case with prejudice.

CIRILLO, President Judge, files a dissenting opinion in which TAMILIA, J., joins.

TAMILIA, J., files a dissenting statement.

CIRILLO, President Judge, dissenting:

I respectfully dissent. I would affirm the trial court's order striking the dismissal and opening the judgment.

Although I have no quarrel with the majority's statement of the law, I disagree with their application of the law to these facts. The trial court's order of August 8, 1985 striking the dismissal and opening the judgment was a

nullity absent a showing of grave or compelling circumstances constituting "extraordinary cause." The question then, is whether the record reveals extraordinary cause justifying intervention by the trial court some three months *after* its power to open the judgment was lost. Unlike the majority, I believe that extraordinary cause to open the judgment is present in this case.

The trial court based its decision to strike the dismissal and open the judgment upon the affidavits by counsel for both parties and the possibility of error by the postal system. In his affidavit, counsel for appellees averred that on the evening of March 11, 1985, he personally placed in a mailbox an envelope containing a cover letter and three copies of the answers to appellant's interrogatories. After a hearing on the matter and review of affidavits, the trial court accepted this averment as fact and determined it to be a "reasonable excuse for the default." The court did so despite the fact that the original answers were not received by the trial court prothonotary until April 11, 1985, and then only as an exhibit to appellees' petition, and despite the contrary averment of appellant's counsel that no such forwarding occurred and that the items were never received. We are bound by the trial court's finding of fact unless it is not based upon competent evidence. *Allegheny County v. Monzo,* 509 Pa. 26, 35–37, 500 A.2d 1096, 1101 (1985). Here, the trial court's finding was based in part upon evidence in the form of affidavits.

While we are bound by the trial court's findings of fact, we are in no way bound by its conclusions of law. *2401 Pennsylvania Ave. Corp. v. Federation of Jewish Agencies of Greater Philadelphia,* 507 Pa. 166, 171–72, 489 A.2d 733, 736 (1985). To the contrary, a reviewing court is free to draw its own inferences and conclusions from the facts as established. *Minteer v. Wolfe,* 300 Pa.Super. 234, 237–38, 446 A.2d 316, 318 (1982).

Based upon the trial court's express finding of possible oversight by the postal system, I would conclude that a showing of extraordinary cause has been made, and that

the trial court was thereby justified in opening the judgment despite the expiration of the appeal period. In the somewhat analogous case of *Great American Credit Corp. v. Thomas Mini Markets, Inc.*, 230 Pa.Super. 210, 326 A.2d 517 (1974), this Court upheld a grant of similar relief when a mailing was misplaced due to trial court oversight. There we stated that "where equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment is entered." 230 Pa.Super. at 213, 326 A.2d at 519. Such reasoning is applicable here.

In sum, because the majority fails to conclude that extraordinary cause was present in this case, I cannot join in their opinion.

TAMILIA, Judge, dissenting:

I join President Judge Cirillo in his dissent as I agree with him that we may not look behind the finding of fact of the trial court, based on competent evidence, and substitute our own.