527 A.2d 1048

**S. Alfreda WEBSTER, Appellant,**

**v.**

**TRANSPORT WORKERS UNION LOCAL 234 and Roger Tauss.**

Superior Court of Pennsylvania.

Argued April 22, 1987.

Filed June 26, 1987.

Daniel D. Radich, Philadelphia, for appellant.

Joseph Venditti, Taylor, for appellees.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal of an order of the Court of Common Pleas of Philadelphia County denying reconsideration of an order entering a judgment of non pros against the appellant, S. Alfreda Webster. We quash.

The record indicates that on the 5th of July, 1984, the appellant instituted a two-count complaint claiming that, upon her voluntary leave of employment as Southeastern Transportation Authority's (SEPTA) physician, the Transport Workers Union (TWU) and Roger Tauss published a newsletter distributed to some 5,000 employees of SEPTA containing a paragraph entitled "Witch Doctor Retires".

The appellant contended in her complaint that the article was libelous and depicted her as an "uncivilized, uneducated and superstitious ... black woman" who was "forced" from her job at SEPTA and "covered her pitiful lack of knowledge of medicine by harassing and firing [the] members [of TWU]." (Paragraphs 9, 13 & 16)

Further, the appellant asserted that the article was defamatory and false and demanded compensatory and punitive damages to right the wrong allegedly committed upon her person.

In response, the defendants (Tauss and TWU) filed an answer denying, in relevant part, the allegations pleaded in the complaint, and in new matter they claimed the publication was privileged communication protected by the First and Fourteenth Amendments to the United States Constitution.

On September 24, 1985, counsel for the defendants filed a motion to compel answers to interrogatories and production of the appellant's employment records.

The appellant neither signed nor verified the answers she gave, and interrogatories 68, 70 and 71 were answered incompletely and/or objected to. A release to secure the appellant's employment records was not signed, and the appellant's statement, through her counsel, that she would secure the records and forward them to the defendants never occurred. Thus, the need for the discovery motion followed on the heels of a letter and phone call to counsel for the appellant, which, as is evident, accomplished nothing in the way of ameliorating the matter.

The defendants considered the responses to the interrogatories and the appellant's employment record "highly relevant to the issues of [the appellant's] experience and reputation in the field", the former of which the appellant claimed rebutted the defendants' libelous remarks of "inexperience" and the latter related to the damage to her reputation purportedly sustained by her in the community because of the article.

The appellant's counsel filed a reply and memorandum to the defendants' motion on October 15, 1985. Thereafter, a brief was submitted by counsel for the defendants in response to the appellant's October 15th reply and memorandum.

By order dated October 31, 1985, the court directed that the appellant respond to interrogatories 68 and 71 and produce the documents requested or face "appropriate sanctions."

On December 2, 1985, the defendants filed a motion for "appropriate" sanctions (pursuant to Pa.R.Civ.P. 4019) to be entered against the appellant for her failure to comply with the court's directive of October 31st compelling discovery.

On January 8, 1986, an order that a judgment of non pros be entered against the appellant for failure to comply with the court's order was issued and reduced to judgment January 14th.

On January 29, 1986, a motion for reconsideration and/or to strike off the judgment of non pros was filed by counsel

for the appellant. Therein, the appellant's counsel offered the excuses of: (1) "an inability to communicate or breakdown of communication between" the appellant and her counsel; and (2) the "inability" of counsel to contact the appellant to file a response to the defendants' motion for sanctions.

An answer to the appellant's motion for reconsideration was filed by the defendants' counsel on February 13, 1986. On April 3, 1986, the court below denied the appellant's motion for reconsideration and this appeal ensued.

We address none of the issues raised by counsel for the appellant since we find the appeal to be untimely and subject to being quashed.

In doing so, we look to this Court's en banc decision in *Simpson v. Allstate Insurance Co.*, 350 Pa.Super. 239, 504 A.2d 335 (1986).

*Simpson* dealt in part with the appellant's appeal of an order of court granting the appellee's petition to open a judgment on the claim. This order was entered initially in favor of the appellant as a sanction under Rule 4019 for the appellee's failure to comply with the court's discovery order.

The en banc court, in striking the lower court's order granting what this Court termed as either the appellee's petition to open or a petition to reconsider judgment, specifically noted:

> ... a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final.] A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> A party may always request a court to reconsider a judgment entered in adverse proceedings. However, such a request must be made within thirty days. "Absent a stay, the [trial] court must grant the petition for reconsideration within the thirty day appeal period to toll the appeal period.... If the [trial] court does not ex-

pressly grant reconsideration or enter an appropriate stay within the thirty day appeal period, its 'power ... to act on the application for reconsideration ... is lost.'"

350 Pa.Super. at 244–45, 504 A.2d at 337 (Citations omitted).

We see no reason for not extending *Simpson* to the facts at bar to embrace the judgment of non pros entered in response to a litigant's refusal to comply with a discovery order as a final order.

Here, the lower court's order disposed of the appellant's two count complaint covering allegations of "liability" and claims for "damages". As such, we find the order to have been final and appealable, absent the entry of a stay or the grant of the appellant's reconsideration motion within thirty days of the January 14th judgment by the lower court. See *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 523 A.2d 399 (1987)(en banc); *Simpson*, supra; *Livolsi v. Crosby*, 334 Pa.Super. 34, 495 A.2d 1384 (1985).

Since the appellant's appeal was not perfected until some three months after the order entering judgment of non pros was reduced to judgment, we cannot, under a logical extension of *Simpson*, hold otherwise than that the merits of the appellant's appeal cannot be reached since it is untimely. *Livolsi*, supra.

Appeal quashed.