531 A.2d 438

**Gwendolyn SMITH, Admx. of the Estate of Her Father Willie McKinzie, Dec'd**

**v.**

**JAMES C. GIUFFRE MEDICAL CENTER and Dr. Qadar Khan.**

**Appeal of JAMES C. GIUFFRE MEDICAL CENTER.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed Aug. 3, 1987.

Reargument Denied Oct. 13, 1987.

William E. Rapp, Philadelphia, for appellant.

John M. Toscano, Philadelphia, for Smith, appellee.

Sheryl N. Coplan, Assistant City Solicitor, Philadelphia, for Khan, appellee.

Before CAVANAUGH, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

Appellee, as administratrix of the estate of her father, instituted a medical malpractice action against James Guiffre Medical Center and Dr. Qadar Kahn. On March 30, 1984, following a petition by appellant, Guiffre, an Order was issued directing that appellee "appear for depositions,

at the office of said defendant's counsel, upon due notice thereof, within twenty (20) days of the date of this Order, or appropriate sanctions will be imposed upon application to the Court." (Order by Greenburg, J., filed April 4, 1984.)

When appellee did not appear for deposition, appellant Giuffre, later joined by Dr. Khan, filed a motion for sanctions requesting the court to enter a judgment of non pros in their favor. Appellee did not respond to the motion, and on January 11, 1985, the court issued an Order directing judgment of non pros be entered against appellee for failure to appear for depositions as directed by the Order of March 30, 1984. On January 30, 1985, appellee filed a petition to vacate the non pros and on July 3, 1985, the Order presently appealed from, was entered granting the petition to vacate.

Appellant/Giuffre contends the court erred, asserting appellee failed to sustain her burden of proof on factual issues raised by the response to the petition to open. Specifically, it is argued that appellee did not reasonably explain the failure to respond to the Motion for Sanctions. We need not consider the merits of this argument, however, in that we have determined that the trial court was without jurisdiction to vacate its non pros Order in the first instance. *See* 42 Pa.C.S. § 5505.[1]

There appears to be a procedural disparity concerning appeals from judgments of non pros. The Court has dealt with such appeals in two different manners: (1) a direct appeal from the entry of judgment on non pros; and (2) an appeal from a motion to remove, strike or open a judgment of non pros. In the case of *Erie Human Relations Commission v. Erie Insurance Exchange*, 304 Pa.Super. 172, 450 A.2d 157 (1982), in which a panel of this Court quashed

---

1. **§ 5505. Modification of orders**
 Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any Order within thirty (30) days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

as untimely an appeal from an Order dismissing exceptions to a judgment of non pros, the panel stated:

> The Pennsylvania Rules of Civil Procedure do not provide for the filing of exceptions to a judgment of non pros. Appellant's exceptions were similar to a petition for reconsideration. A petition for reconsideration will not stay the appeal period. Appellants should have filed an appeal within the thirty-day period following the grant of the non pros.

*Id.*, 304 Pa.Superior Ct. at 174, 450 A.2d at 158.

The effect of *Erie* appears to be that a direct appeal may be filed from a judgment of non pros. The more common practice appears to be the situation where after entry of a judgment of non pros, a separate petition to remove, strike or open it is filed and an appeal is then taken from the Order disposing of that petition. *See Iole v. Western Auto Supply Co.*, 352 Pa.Super. 528, 508 A.2d 600 (1986)(appeal from an Order refusing to open or strike a judgment of non pros). In *Iole*, the Court, in footnote 3, distinguished *Erie*, *supra*, finding that although the Order appealed from was interlocutory, Pa.R.A.P. 311(a)(1) permitted the taking of such an appeal. We limited *Erie* to the facts of the case in that exceptions to the non pros were treated as a motion for reconsideration and did not toll the thirty-day appeal period.

Cases treated in a similar fashion include *Storm v. Golden*, 338 Pa.Super. 570, 448 A.2d 39 (1985); *Buxbaum v. Peguero*, 335 Pa.Super. 289, 484 A.2d 137 (1984); and *Perri v. Broad Street Hospital*, 330 Pa.Super. 50, 478 A.2d 1344 (1984), all of which were appeals from Orders granting petitions to open judgments of non pros. Numerous other cases followed the above approach.

Despite the plethora of cases which deal with a motion of non pros in the same fashion as a default judgment, the specific application of the rules to default judgments as a result of sanctions imposed at some point in the proceedings, was not addressed until lately in *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 493 A.2d 741 (1985); *Livolsi v. Crosby*, 344 Pa.Super. 34, 495 A.2d 1384 (1985);

and *Simpson v. Allstate Ins. Co.*, 350 Pa.Super 239, 504 A.2d 335 (1986)(en banc). The disparity arises when an attempt is made to reconcile Pa.R.A.P. 311(a)(1), which implements 42 Pa.C.S.A. § 5105(c) and Pa.R.C.P. 4019(c). Pa.R.A.P. 311(a)(1) states:

> **(a) General rule.**—Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
>
> > (1) Affecting judgments. An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

This rule has often been invoked in cases concerning opening, striking or refusal to open/strike a default judgment. However, a judgment of non pros entered as a sanction is pursuant to Pa.R.C.P. 4019(c)(3) and is not subject to a petition to open. Contrary to judgments entered pursuant to Rule 1037 and Rule 2951, *supra*, the appropriate parts of Pa.R.C.P. 4019 provide as follows:

**Rule 4019. Sanctions**

> (a)(1) The court may, on motion, make an appropriate order if
>
> . . . . .
>
> > (iv) a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take his deposition;
>
> . . . . .
>
> (c) The Court, when acting under subdivision (a) of this rule, may make
>
> . . . . .
>
> > (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;* (emphasis added)

There is no authority in Rule 4019 for such a petition and orderly practice suggests there should be none. *See Miller Oral Surgery, Inc., supra.* *Miller* also rejected the argument that Pa.R.A.P. 311(a)(1) had made an Order opening or refusing to open any judgment, even though interlocutory, appealable as of right. There, the court stated: "[T]he trial court's sanction order entering judgment on the issue of liability in this case was not properly the subject of the petition to open." *Miller,* 342 Pa.Superior Ct. at 581, 493 A.2d at 744. In *Livolsi, supra,* the court held where a trial court entered a sanction Order pursuant to Pa.R.C.P. 4019(c) for a defendant's failure to comply with a discovery Order, the defendant's attempt to raise an appealable issue by filing a petition to open judgment would not be allowed. In addition, the court stated the appropriate method for review to be an appeal within the time prescribed by Pa.R.A.P. 903. This rule, of course, requires that an appeal be taken within thirty (30) days of the Order from which the appeal is taken.

Finally, the court's treatment of a default judgment entered as a discovery sanction in *Simpson, supra,* held that a judgment imposed as a discovery sanction became final and appealable after no appeal was taken within thirty (30) days absent fraud or extraordinary cause, even though the defendant had filed a petition to open judgment within five (5) days and the trial court failed to act within thirty (30) days.

In *Miller, supra,* the default judgment was entered on the issue of *liability* only, and as such was treated as an Order of non pros, which must be appealed within thirty (30) days. In addition, since damages had yet to be determined, litigation was not terminated and the case was not appealable. In *Miller,* the court construed the sanction Order *against* the *defendant* to be nonappealable after thirty (30) days and to be interlocutory in nature as it related to the case as a whole.

*Livolsi, supra,* took the process one step further, holding, pursuant to *Miller, supra,* where the *defendant* failed to

respond to sanctions, pursuant to Rule 4019(c)(3), the Court could enter final judgment on liability and damages. Failure of the defendant to file an appeal within thirty (30) days, but instead proceeding to file motions to strike/open judgment some time later, resulted in a quash of the appeal.

In *Simpson, supra,* again the issue had to do with a defendant (Allstate) failing to respond to Orders to produce required documents following which sanctions were imposed pursuant to Rule 4019(c)(3). Despite the fact that Allstate filed a petition to open within five days of the judgment, it was not until five months later that the court granted the petition. This Court reversed on the theory espoused in *Miller* and *Livolsi.*

The present case is distinguishable from the above only in that sanctions were imposed against a *plaintiff* who failed to respond to an Order to appear for depositions, rather than defendants. We perceive no reason why the law should not apply here, in a like fashion, as in both categories the non pros/default judgments were imposed under Rule 4019(c)(3).

 We, therefore, hold that a judgment of non pros resulting from a sanction imposed against a plaintiff (as well as a defendant) for failure to respond in a timely fashion to an Order requiring him to respond to depositions, is a final and appealable Order, and that while the court may review such Order upon a motion for reconsideration, if no appeal is taken within thirty (30) days of the Order, pursuant to Pa.R.A.P. 903,[2] the judgment becomes final and not thereafter subject to vacation on petition. It is abundently clear that as to a plaintiff, a judgment, pursuant to a sanction Order under 4019(c)(3), may not be confused with judgment by default pursuant to Rule 1037. There, a petition to strike/open is directed to the sound discretion of the court and is reviewable without time constraints. The

2. **Rule 903. Time for Appeal**
 (a) **General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the the order from which the appeal is taken.

long line of cases which have treated sanction Orders of default/non pros in the same fashion have been repudiated by *Miller, Livolsi* and *Simpson, supra,* as to defendants. We now hold that the treatment must apply equally to plaintiffs.[3]

Pursuant to our analysis of this matter, the Order of July 3, 1985, granting the petition to vacate, is hereby vacated; Order of non pros, dated January 11, 1985, is hereby reinstated.

---

**3.** A very similar factual situation was recently addressed by our Court in *Webster v. Transport Workers Union,* 364 Pa.Super. 248, 527 A.2d 1048 (1987). As in this case, a judgment of non pros was entered against plaintiff as a discovery sanction pursuant to Pa.R.C.P. 4019. Additionally, in both actions, plaintiffs filed a motion for reconsideration/petition to vacate within thirty (30) days rather than filing the requisite appeal from the final judgment of non pros. The sole difference in *Webster* is that there the motion for reconsideration was denied; here, the motion was granted and the non pros vacated leaving defendant to appeal. In *Webster,* our Court *quashed* the appeal as *plaintiff* had not appealed within thirty (30) days. Here, we must *vacate* the Order vacating the non pros so as to return the benefit of the non pros to the defendant/appellant.