Janice and Robert SAHUTSKY, Appellants

v.

MYCHAK, GECKLE & WELKER, P.C., Joseph T. Thiroway, Esquire and Patrick G. Geckle, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 1, 2004.

Filed May 12, 2006.

Reargument Denied July 12, 2006.

Colm W. Kenny, Pittsburgh, for appellants.

Edwin A.D. Schwartz, Harrisburg, for appellees.

BEFORE: HUDOCK, KLEIN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Appellants, Janice and Robert Sahutsky, filed a legal malpractice case against Appellees, a law firm and individual lawyers.[1] They appeal from an order denying their petition to open/strike off a judgment of *non pros* entered by the trial court pursuant to Pa.R.C.P. 4019. Appellees served the Sahutskys' counsel with discovery requests on January 3, 2003. Counsel failed to respond to letters inquiring as to the status of the discovery, a motion to compel discovery, a rule returnable issued by the trial court, and an order of the trial court requiring Appellants to file answers to Appellees' discovery requests. After almost seven months had elapsed from the initial discovery request, and when there had been no contact from Appellants in any manner, the trial court entered a judgment of *non pros* and dismissed Appellants' complaint with prejudice on July 1, 2003. Appellants moved to open the *non pros*, which the court denied. *See* Pa.R.C.P. 3051.

¶ 2 The Sahutskys filed this appeal, claiming that dismissal of their complaint was too harsh a sanction for a "single discovery violation." The appeal was quashed, and on appeal to the Supreme Court the case was remanded to this Court by order dated November 28, 2005. Because the trial judge was justified under Rule 4019 in ordering the case be *non prossed* after the Sahutskys' counsel exhibited a continuous course of failing to comply with opposing counsel's requests, motions and most notably court discovery orders, we affirm. Moreover, we find that the Sahutskys were not entitled to a hearing before the *non pros* was entered and that Appellees need not show that they were prejudiced before the court could enter such a sanction.

## ISSUES

¶ 3 This case has been remanded from the Supreme Court with the directive that we review its merits and follow the clear

---

**1.** Appellees had represented Janice Sahutsky in a lawsuit to recover damages for injuries she apparently sustained during an amusement park ride. That case was dismissed for lack of docket activity. *See Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001).

mandates of Pa.R.C.P. 3051 [2] and law as espoused in *H.H. Knoebel Sons, supra.* While the intent of the order is not entirely clear, we are certain that this case involves the following three issues:

(1) Where a case has been *non prossed* under Rule 4019, do appellants have to file a petition to open/strike before the order is appealable or is the order granting *non pros* immediately appealable?

We hold that the Sahutskys have to file a petition to open/strike before the order is appealable.

(2) Does the Supreme Court's remand order overrule existing precedent regarding whether actual prejudice must be shown if *non pros* is ordered by a trial judge for failure to comply with a judicial order as a sanction under Rule 4019 as opposed to a *non pros* entered due to failure of a party to act?

We hold it does not and prejudice need not be shown.

(3) Is there a requirement that a trial court must give notice and a hearing before it may enter a *non pros* under Rule 4019?

We hold there is no such requirement.

## FACTS

¶ 4 The Sahutskys' attorney maintains that his repeated failure to respond to discovery was caused by the illness and death of his father. Counsel claims that for this reason, he was unavoidably delayed in his office work. After Appellees filed their motion to compel, the trial court entered an order on May 20, 2003 directing the Sahutskys to respond to Appellee's discovery within 10 days. The Sahutskys claim that on June 23, 2003, they received Appellees' motion for sanctions [3] as a result of their failure to comply with the motion to compel. In this motion for sanctions, Appellees requested a 10–minute argument before the court, listing available times for argument as no earlier than July 17, 2003. During the months of April, May and June of 2003, the Sahutskys' attorney was tending to his father who was sick with cancer and who eventually passed away on June 16. From June 16–27, 2003 counsel was out of the office tending to family-related issues surrounding his father' death as well as attending an out-of-town deposition. On July 1, 2003, after fully reviewing Appellees' motion for sanctions, the Sahutskys' counsel contacted Appellees' counsel, requesting that he "hold off" on his motion until after the July 4th holiday. Appellees' counsel advised that he "would not undertake any action to have th[e] matter scheduled for a hearing until after the July 4th holiday." Letter from Appellees' Counsel, 7/7/2003 at 1. Despite this request, the trial court *sua sponte* and without argument by the parties entered the *non pros* order, which included attorney's fees and costs in the amount of $400.00.

¶ 5 In his opinion, the trial judge gave the following reasons for entering the *non pros:*

---

2. In order to obtain relief from a judgment of *non pros*, the petitioner shall allege facts showing:
   (1) the petition is timely filed,
   (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
   (3) there is a meritorious cause of action.
   Pa.R.C.P. 3051(b) (emphasis added).

3. Appellees' motion for sanctions did, among other things, request that a judgment of *non pros* be entered against plaintiffs for their willful failure to comply with court orders. However, the Sahutskys note that Appellees have now received full and complete responses to discovery. *See* Plaintiffs' Petition for Relief from Judgment of Non Pros, 7/21/2003, at ¶ 29.

[T]his Court did not receive any communication from Plaintiffs' counsel. In Plaintiffs' Brief in Support of their Petition for Relief from *Non pros,* on page three (3), Plaintiffs' counsel expressed he was tending to other work-related commitments, such as a trip to Philadelphia for depositions on another case. This Court did not even receive a telephone call. Plaintiffs' counsel also stated he was in the office approximately three (3) days out of the week during the hardships concerning his father. This Court found the violation committed by Plaintiffs' counsel to be without reasonable excuse. Thus, this court's sanctions were appropriate due to the blatant disregard for this Court's Order of May 20, 2003.

(Trial Court Opinion, 12/12/03 at 3.)

¶ 6 Accordingly, the trial court did not find the Sahutskys' explanation or excuse either reasonable or legitimate and dismissed the petition. *See* Pa.R.C.P. 3051(b)(2) (to succeed on motion to open or strike off a *non pros,* party must show that there is a reasonable explanation or legitimate excuse for the inactivity or delay).[4]

## DISCUSSION

### 1. Appealability of Order Granting *Non Pros* Under Rule 4019

■ ¶ 7 We believe that the Supreme Court's remand order in the instant case was intended to overrule, *sub silentio, Smith v. Giuffre Med. Ctr.,* 366 Pa.Super. 321, 531 A.2d 438 (Pa.Super.1987),[5] which held that a judgment of *non pros* resulting from a sanction imposed against a plaintiff

for failure to respond in timely fashion to a discovery order is a final and appealable order. *Id.* at 481, 531 A.2d 438. Now, in all cases where *non pros* has been entered, including Rule 4019 sanction cases such as the present, a petition to strike off or open must be timely filed after the *non pros* in order to preserve the issue for appeal. In other words, a Rule 4019 *non pros* is **not** an immediately appealable order. *See* Pa. R.C.P. 3051, Explanatory Comment (rule adopts uniform procedure following entry of judgment of *non pros* regardless of what type of judgment of *non pros* it may be).

### 2. Does Actual Prejudice Need to be Proven Before a *Non Pros* May be Entered Under Rule 4019?

■ ¶ 8 We hold that in order to effectuate the orderly administration of justice and processing of cases, actual prejudice need not be shown in cases where a *non pros* has been entered under Rule 4019 as a court sanction. While actual prejudice is a prerequisite to entering a *non pros* upon praecipe of a party due to docket inactivity, *see Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998), such a showing is not required when *non pros* has been entered by a trial court under Rule 4019. Due to the massive caseloads burdening our trial courts, *see Civil Programs in the Philadelphia Court of Common Pleas, Final Report,* at ii (September 2004, National Center for State Courts) (success of civil case programs is due in large part to significantly improved case flow management), we cannot overemphasize the importance

---

4. Having found that the Sahutskys did not have a reasonable explanation for failing to comply with discovery requests and court orders, we need not reach the issue of whether the underlying cause of action was meritorious. The requirements to open/strike off a judgment of *non pros* are conjunctive, not disjunctive.

5. While the Supreme Court apparently granted *allocatur* in that case, *see Smith v. Giuffre Med. Ctr.,* 519 Pa. 655, 546 A.2d 59 (1988), that appeal was discontinued by the parties in December of 1988.

of moving cases forward by permitting trial judges to manage their own caseloads. This courtroom-managed system includes imposing sanctions under Rule 4019 when trial courts' orders are not obeyed. *See Feingold v. Philadelphia Nat'l Bank,* 313 Pa.Super. 579, 460 A.2d 339, 343 (1983) (purpose of Rule 4019 is to ensure compliance with proper orders of court and adequate and prompt discovery of matters allowed by Rules of Civil Procedure). If we were to permit otherwise, the backlog of cases would in turn prejudice all litigants in the system.

¶ 9 Additionally, we find this holding consistent with the amendment to Rule 4019(a), which deleted the requirement that a party act "willfully" before a trial court may impose sanctions under that section for violation of a court's order. *See Verbalis v. Verbalis,* 286 Pa.Super. 209, 428 A.2d 646 (1981) (our Court acknowledged that there is no longer a requirement that the failure to obey a court order be willful before a court may enter a Rule 4019 sanction). While willfulness may certainly be something the court considers, it is no longer necessary that a court make that finding before it has the power to enter a *non pros* as in the present case.

### 3. Are Notice and a Hearing Required before Sanctions can be Imposed Under Rule 4019? [6]

¶ 10 In *Calderaio v. Ross,* 395 Pa. 196, 150 A.2d 110 (1959), our Supreme Court determined that neither notice nor a hearing was a prerequisite to imposition of sanctions pursuant to Pa.R.C.P. 4019. In *Calderaio,* the appellant conceded that his answers to interrogatories were not adequate, that the lower court was justified in finding his failure to file sufficient answer to written interrogatories was willful, and that he had been given three opportunities to comply. *Id. See also Pride Contracting, Inc. v. Biehn Construction, Inc.,* 381 Pa.Super. 155, 553 A.2d 82 (1989) (where appellant failed to comply with court's discovery order, conciliation conference was held at which all parties were represented, and second order for discovery resulting from that conference was ignored, Rule 4019 dismissal without hearing was appropriate).

¶ 11 Our Court has held that appellate review for a trial court's sanction order dismissing a party's case calls for heightened scrutiny. *See Wolloch v. Aiken,* 756 A.2d 5 (Pa.Super.2000), *rev'd on other grounds,* 572 Pa. 335, 815 A.2d 594 (2002); *see also Steinfurth v. LaManna,* 404 Pa.Super. 384, 590 A.2d 1286 (1991) (noting that our Court must "strictly scrutinize" appropriateness of dismissing a case as a discovery sanction under Rule 4019 as it imposes the harshest result possible and should only be imposed in extreme circumstances). In *Feingold, supra,* our Court recognized that a trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties when it is faced with determining whether Rule 4019 sanctions are appropriate.

---

**6.** While we recognize that the Explanatory Comment to Pa.R.C.P. 3051, drafted in 1991, stated that before a court may enter a *non pros* against a party as a sanction under Rule 4019(c), the court must first "hear the parties on the record[,]" this commentary is not binding on our decision. Additionally, we believe that the uniform procedure established by Rule 3051, which requires all parties opposing the entry of a *non pros* to file a petition to strike off/open, gives the trial court an opportunity to hear the parties or receive evidence before reviewing its decision which may ultimately be appealed—thus obviating the need for a hearing. Finally, as were the facts in the instant case, the trial court was very familiar with how the case was proceeding and was well aware that the Sahutskys were not responding in any way regarding discovery requests and court orders.

¶ 12 Presently, while the trial court did not hold a formal record hearing before entering the *non pros* and dismissing plaintiffs' case with prejudice, we do not believe that such a procedure was required. The court was well aware that the Sahutskys' counsel had failed to respond to opposing counsel's discovery requests, motions to compel and, most importantly, its own rule returnable and order requiring them to file answers to Appellees' discovery requests. Here, with the passage of nearly seven months and no manner of contact from the Sahutskys, the court was more than justified in entering its order without a hearing. Because the Sahutskys decided to disregard not only opposing counsel's requests, but court orders as well, we are convinced that the trial court's entry of *non pros* was an appropriate sanction under Rule 4019. *Wolloch, supra; Steinfurth, supra; Feingold, supra.* Additionally, the court properly denied the Sahutskys' petition to open where the court did not find the Sahutskys' excuse for their complete disregard of court discovery orders either reasonable or legitimate. Pa. R.C.P. 3051(b)(2).

## CONCLUSION

¶ 13 In this case, we recognize that our Supreme Court has mandated a uniform procedure for appealing any type of judgment of *non pros,* whether entered upon praecipe of a party or by court-ordered sanction. That procedure consists of the filing of a petition to strike off or open the judgment as prescribed in Rule 3051. Moreover, no type of order granting *non pros* is immediately appealable, including orders entered by the courts as sanctions under Rule 4019. Finally, courts are not required to first conduct a hearing with the parties before imposing a sanction under Rule 4019(a). Likewise, because trial courts are burdened with a heavy docket, a court may *non pros* a case for failure to follow its orders or directives without first requiring a showing of prejudice. Here, where a party has repeatedly failed to comply with a court's discovery order, such inaction is neither reasonable nor legitimate such that it should be excused under Rule 3051.

¶ 14 Order affirmed.

¶ 15 McEWEN, P.J.E., files a Dissenting Statement.

## DISSENTING STATEMENT BY McEWEN, P.J.E.:

¶ 1 While the author of the majority Opinion has, in his usual erudite fashion, undertaken a perceptive and persuasive expression of rationale, I am compelled to this dissent since I am of the mind that this Court should observe the well considered observations of the drafters of Rule 3051 of the Pennsylvania Rules of Civil Procedure, who made clear their intent that a judgment of *non pros* may be entered as a sanction for a discovery violation under Rule 4019(c), Pa.R.Civ.P. 4019(c), *"only after the [trial] court has heard the parties on the record."* Pa. R.Civ.P. 3051, Explanatory Comment—1991.