J-A34009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERRENCE GUDALEFSKY AND CHERLENE GUDALEFSKY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CRAIG HATCH, ESQUIRE AND THOMAS J. WEBER, ESQUIRE | |
| Appellees | No. 411 MDA 2015 |

Appeal from the Order Entered February 6, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 201-CV-02937-CV

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED NOVEMBER 17, 2015**

Appellants, Terrence and Cherlene Gudalefsky, appeal from the order entered February 6, 2015, by the Court of Common Pleas of Dauphin County. The order sustained the preliminary objections of Appellee, Craig Hatch, Esquire, and dismissed the second amended complaint with prejudice as it pertains to him. Appellee, Thomas J. Weber, Esquire, was dismissed from the litigation *via* a judgment of *non pros* entered on January 14, 2015, which became appealable upon entry of the February 6 order.[1]

---

[1] ***See*** Pa.R.A.P. 341(b)(1); ***Bird Hill Farms, Inc. v. U.S. Cargo & Courier Service, Inc.***, 845 A.2d 900, 903 (Pa. Super. 2004) (once an appeal is filed from a final order, all prior interlocutory orders are subject to review).

Appellants are proceeding *pro se*.[2] The brief they have submitted is woefully deficient. We need not catalog the problems here.

We note that Appellants raise thirteen issues. The summary of argument and argument sections of the brief span just five pages in which they purport to address the numerous issues. The brief, however, fails to contain any citation to authority. In addition, the brief is devoid of any citation to the voluminous record in this case. The brief also fails to present an intelligible legal argument.

Given these failings, we find the issues raised on appeal waived. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011) (citation omitted; brackets in original).

With respect to the judgment of *non pros*, we further note that Appellants were required to first file a petition to open or strike the judgment of *non pros* in order to seek relief from that judgment. **See**

_____

[2] "While this court is willing to liberally construe materials filed by … *pro se* litigant[s], we note that appellant is not entitled to any particular advantage because [they] lack[ ] legal training. As our supreme court has explained, any layperson[s] choosing to represent [themselves] in a legal proceeding must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing." **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989) (internal citations and quotation marks omitted).

*Sahutsky v. Mychak, Geckle, & Welker, P.C.*, 900 A.2d 866, 869 (Pa. Super. 2006). Failure to do so results in a waiver of all substantive claims with respect to the *non pros*. **See** Pa.R.C.P. 3051; *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). Here, Appellants did not seek relief from the *non pros*. Thus, this provides another ground for waiver on issues regarding the *non pros*.

The "Expedited Motion of Appellee Weber to Quash Appeal" is **DISMISSED** as **MOOT**.

The "Expedited Motion of Appellee, Craig Hatch, Esquire, to Quash/Dismiss Appellants' Appeal," is **DISMISSED** as **MOOT**.

Appellants' "Motion" is **DENIED**.

Order affirmed. Motions dismissed as moot and denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2015

- 3 -