## HSBC Bank v. Mid County Resources

*Brian T. LaManna*, for plaintiff.
*Richard Frank* and *Dan Lyons*, for defendants.

MARK, *J.*, January 22, 2014—This case is before the Court on Defendant's Petition to Open Judgment. For the following reasons, we will deny the petition.

## Factual and Procedural Background

Plaintiff HSBC Bank USA ("plaintiff") commenced this action on April 8, 2010, filing a complaint in mortgage foreclosure against Mid County Resources, Kim Hawley and Christopher Hawley. On September 6, 2011, the court entered an order granting plaintiff's motion for summary judgment against Mid County Resources only ("defendant"). An *in rem* judgment of $171,021.48 was entered against defendant. Plaintiff subsequently filed a writ of execution. The subject property, located at 2717 San Marco Court, East Stroudsburg, Pennsylvania, 18301, was scheduled for sheriff's sale on July 25, 2013.

On May 16, 2013, defendant filed the instant petition, seeking a stay of the sheriff's sale and requesting that the judgment be opened and plaintiff's writ of execution be stricken. Substantively, defendant calls into the question only the validity of the assignment of the mortgage, alleging the assignment was fraudulently executed. Defendant does not allege that the mortgage itself is invalid, that defendant did not, as of September 6, 2011, owe $171,021.48 on the mortgage, that payments were

made, or that the mortgage had been satisfied. Similarly, defendant does not allege defect, error, or prejudice in the summary judgment proceedings. We subsequently stayed the sheriff's sale, and on August 19, 2013, we held a hearing, at which the parties addressed the substantive merits of defendant's petition. We later held an additional hearing to address the appropriate standard employed by Pennsylvania appellate courts in determining whether to open a final judgment issued after an adversarial proceeding. Having fully considered defendant's petition, the parties' respective arguments and briefs, and the applicable case law and Rules of Civil Procedure, we are prepared to rule on defendant's petition to open judgment.

## Discussion

Ordinarily, a judgment entered in an adverse proceeding, such as one entered on a motion for summary judgment, cannot be disturbed after it has become final. *Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 337 (Pa. Super. 1986). A judgment entered in an adverse proceeding becomes final if no appeal is taken within thirty days, and it normally cannot be modified, rescinded, vacated or opened. *Id.*

> This doctrine, respecting judgments entered [in adverse proceedings], has a very definite function, namely, to establish a point at which litigants, counsel and courts ordinarily may regard contested lawsuits as being at an end. A contested action yields a judgment in which the value of finality is greatest. There has been a decision following an examination of the critical issues through bilateral participation of the parties.... For all the reasons that finality of judgments is important,

such a judgment should be invulnerable except upon a showing of extraordinary miscarriage.

*Id.*; *Insurance Co. of North America v. Bishop*, 529 A.2d 33, 35 (Pa. Super. 1987) (internal citations omitted). A trial court's discretionary power to grant relief from a judgment entered in a contested action once the appeal period has expired is extremely limited. *Simpson*, 504 A.2d at 337. "Generally, judgment entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court." *Id.* (internal citations omitted). Extraordinary cause has been generally defined as "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment." *In re Interest of C.K.*, 535 A.2d 634, 641 (Pa. Super. 1987). A mistake of fact, for example, is not an extraordinary cause warranting a court's intervention. *Bishop*, 529 A.2d at 36.

Rather than extraordinary cause, defendant generally alleges that a fraud was committed upon it by plaintiff. In support of its contention, defendant avers that plaintiff is not the original mortgagee of the subject mortgage. Instead, plaintiff obtained title to the mortgage by assignment. This assignment was executed by Theresa Esposito, whose given title was "VP" and Assistant Secretary for Mortgage Electronic Registration Systems, Inc., the previous holder of the mortgage. Defendant further contends that Ms. Esposito is, in fact, an employee of LPS Default Solutions and not Mortgage Electronic Registration Systems. And

because Ms. Esposito was not an employee of Mortgage Electronic Registration Systems when she executed the assignment of the subject mortgage, defendant concludes, the assignment is void, "extinguishing any interest purportedly held by plaintiff, HSBC." (Def.'s Pet. at 3.) Defendant further avers that it only recently learned of this information regarding Ms. Esposito through news articles, and it had no reason to doubt the validity of the assignment at the time judgment was entered.

In response, plaintiff states simply that defendant is out of time. All motions for reconsideration or appeals, plaintiff argues, must be brought within thirty days of entry of judgment and none were brought in this case. Otherwise, and absent any evidence of active fraud or extraordinary cause, the judgment becomes final. (Pl.'s Br. at 4.) And, plaintiff argues, defendant has not "put forth any evidence of fraud or extraordinary cause which would require the court to strike and open" a judgment following an adversarial proceeding. (Pl.'s Br. at 5.) The best defendant can muster, plaintiff continues, is an irrelevant complaint from a federal court in New York and an equally irrelevant article from the Internet that bear little or no connection with Ms. Esposito or this case.

We agree with plaintiff's position. Defendant having presented no evidence of either fraud or extraordinary cause, we find that opening the adverse judgment in this matter is not warranted.

As previously noted, extraordinary cause exists when an oversight or action on the part of the court or the judicial process denies the losing party knowledge of the entry of

the final judgment. Because defendant does not aver that the court or the judicial process has committed any errors, we proceed directly to an analysis of whether a fraud was committed.

The case law does not expressly make clear upon whom the fraud must have been committed. It is unclear whether the fraud referred to is a fraud between the parties or a fraud upon the court. At argument and its brief, though, plaintiff conceded that the fraud required to open an adversarial judgment is a fraud upon the court, but maintained that the averments it has made regarding Ms. Esposito's involvement in signing the assignment were, in fact, a fraud upon the court, which has been defined as "[i]n a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding." Black's Law Dictionary (9th ed. 2009). We do agree that the fraud necessary to open this judgment is fraud upon the court, but we do not agree that defendant established that such fraud has been committed in this case.

Actions for fraud upon the court are so rare that, to our knowledge, no Pennsylvania court has articulated a legal definition of the concept. The third circuit has only recently passed upon the topic, noting that "[t]he concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005). In *Herring*, the third circuit, recognizing that it, too, had never articulated a test for determining whether fraud had been committed upon the court, established a

demanding standard of proof.

> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Id.* (internal quotations omitted). Defendant is far from meeting this burden. Even if we assume *arguendo* that Ms. Esposito's actions constitute intentional fraud under Pennsylvania law, there is no indication that she is an officer of the court. An officer of the court is "[a] person who is charged with upholding the law and administering the judicial system," specifically judges, clerks, sheriff deputies and attorneys. Black's Law Dictionary (9th ed. 2009). Ms. Esposito is a vice president and assistant secretary for Mortgage Electronic Registration Systems, which hardly qualifies her as an officer of the court. Further, there is no indication that Ms. Esposito's alleged actions were directed at this or any other court. It can also hardly be said that this court was deceived by any of Ms. Esposito's alleged actions. It is not the responsibility of the court to investigate the validity of signatures on assignments of mortgages. That responsibility belongs to the parties.

Further, though the standard for opening a judgment entered in an adverse proceeding does not require the

party making the request to demonstrate a facially valid defense, as would be required of a party attempting to open a default judgment, we cannot see how defendant could possibly prevail even if we were to grant its petition. First of all, as the borrower and thus a third party to any assignment, defendant lacks the standing to challenge the validity of the assignment. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264-65 (Pa. Super. 2013) ("If a borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue"). As previously noted, defendant has not alleged the mortgage itself is invalid or that it did not owe the balance remaining on the mortgage. Nor has defendant demonstrated any potential injury from the enforcement of the note or mortgage, despite the alleged but unproven existence of a defective assignment.

As an alternative argument, defendant contends that the judgment should be opened on the basis of after-discovered evidence. A petition to open a judgment on the basis of "after-discovered evidence will only be granted where that evidence: (1) is new; (2) could not have been obtained at trial in the exercise of due diligence; (3) is relevant and non-cumulative; (4) is not for the purposes of impeachment; (5) and must be likely to compel a different result." *In re Cook*, 527 A.2d 1115, 1116 (Pa. Cmwlth. 1987). The after-discovered evidence defendant points to consists of an opinion from the United States Bankruptcy Court in the Northern District of New York and a lengthy article entitled "Robo-Signer List for November 1, 2012" found on the Internet at http://takeyourhomeback.com.

Within the bankruptcy court opinion, the New York court discussed a similar situation that was outlined by the United States Bankruptcy Court in the Northern District Indiana, in which a woman by the name of Bethany Hood signed mortgage documents using fraudulent job titles. (Def.'s Pet. Ex. B.) While these opinions may provide accounts of the types of fraudulent conduct defendant alleges Ms. Esposito committed and give credence to the argument that these practices occur generally, there is nothing in these opinions that indicates Ms. Esposito engaged in these practices and certainly nothing that indicates Ms. Esposito fraudulently signed mortgage documents in the case at bar. Quite simply, these opinions are irrelevant to the case before us and extremely unlikely to compel a different result.

The internet article does, at least, contain specific references to Ms. Esposito. In the article Ms. Esposito is identified as a "robo signer," which the article defines as a "variety of practices."

> It can mean a qualified executive in the mortgage industry signs a mortgage affidavit document without verifying the information. It can mean someone forges an executive's signature, or a lower-level employee signs his or her own name with a fake title. It can mean failing to comply with notary procedures. In all of these cases, robo-signing involves people signing documents and swearing to their accuracy without verifying any of the information.

(Def.'s Pet. Ex. C.) As noted, Ms. Esposito is identified as a robo-signer, and she is described as an employee of

Lender Processing Services who often signs mortgage assignments as Assistant Secretary of Mortgage Electronic Registration Systems. (Def.'s Pet. Ex. C.) But, as plaintiff points out, "[a]n internet article can hardly be considered compelling evidence." (Pl.'s Br. at 9.) The article does not indicate where it received its information, nor does it prove that Ms. Esposito acted fraudulently when she signed the mortgage assignment at issue here.

For the foregoing reasons, we enter the following:

### ORDER

And now, this 22nd day of January, 2014, defendant Mid County Resources' petition to open judgment in mortgage foreclosure matter is denied.