J-S23040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

DONALD L. EASLEY, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ELLEN S. JOHNSON, :
:
Appellant : No. 2214 EDA 2014

Appeal from the Order Entered June 24, 2014,
in the Court of Common Pleas of Philadelphia County,
Domestic Relations at No(s): 91-03779
PACSES No. 322114163

BEFORE:    DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED MAY 28, 2015**

Ellen S. Johnson (Mother) appeals from the order entered June 24, 2014, which (1) denied her petition to vacate a November 25, 2013 order requiring her to make monthly recoupment payments for an overpayment of child support by Donald L. Easley (Father), but (2) decreased her monthly payments from $50 to $15.[1]  Upon review, we affirm.

Mother and Father are the parents of two sons, Do.E. and De.E. Although the record before us is sparse with regard to the circumstances of Mother and Father's separation, the custody arrangements for the children, and the details of any associated child support obligations prior to 2010, it appears that Father was required to pay child support for both children for

_____

[1] Father did not file a brief in this matter.

*Retired Senior Judge assigned to the Superior Court.

several years. On September 30, 2010, Father filed a petition for modification of child support, seeking termination of the support obligation for Do.E., credit for the time Do.E. had resided with him, and a reduction in support for De.E.

On October 22, 2010, the trial court administratively entered an interim order that terminated the support obligation for Do.E. retroactive to August 30, 2006, the date Father obtained custody of the child, and continued Father's ongoing support obligation for De.E. This order, which was made final on December 17, 2010, created an overpayment on the account because of the retroactivity provision concerning the support paid for Do.E. No adjustment was made to the order at any time on account of the overpayment.

On June 10, 2013, the trial court administratively entered another order, which provides:

> Pursuant to parties' response to the Emancipation Inquiry, administratively terminate support for child, De[.E.], effective 06/19/13, as he has reached the age of majority and graduates high school. Upon termination, set arrears balance to zero and dissolve wage attachment immediately. If, at the time of termination, there is an overpayment in any amount, the defendant/obligor may seek recoupment under the terms and conditions of Pa. R.C.P. 1910.19(g)(2).[2]

---

[2] Pa.R.C.P. 1910.19(g)(2) provides as follows:

> (2) *Order Terminated.* If there is an overpayment in any amount and there is no charging order in effect, within one year of the termination of the charging order, the former obligor may

- 2 -

Trial Court Order, 6/10/2013.

On August 19, 2013, Father filed a petition for recoupment in which he requested to "explain overpayment for Do[.E.]" Petition for Modification, 8/19/2013, at 2. On November 25, 2013, following a hearing, the trial court entered an order providing, in pertinent part: "Motion to recoup overpayment of $5,709.63 ... is granted. Payment shall be $50.00 per month." Trial Court Order, 11/25/2013. No appeal was taken from the order. On March 26, 2014, Mother filed the instant petition to vacate the November 25, 2013 order. After a hearing, the trial court entered the following order:

> Motion to vacate monthly payment on recoupment amount is denied as a matter of law. Whether the order of November 25, 2013 was or was not correct, it became a final order after thirty days and was not appealed. Hence, this court of co-equal jurisdiction cannot amend and/or vacate a final order. Payment on arrears is reduced to $15.00 a month.

Trial Court Order, 6/24/2014. Mother timely filed an appeal.

Mother presents the following issues for our consideration:

---

file a petition with the domestic relations section seeking recovery of the overpayment. A copy shall be served upon the former obligee as original process. The domestic relations section shall schedule a conference on the petition, which shall be conducted consistent with the rules governing support actions. The domestic relations section shall have the authority to enter an order against the former obligee for the amount of the overpayment in a monthly amount to be determined by the trier of fact after consideration of the former obligee's ability to pay.

1. Whether the lower court erred when it did not vacate the order for recoupment even though the trial court determined that [Father] is not entitled to recoupment.

2. Whether the trial court erred by its Order of November 25, 2013 that granted [Father] recoupment of $5,709.63 when the recoupment ripened 3 years before the enactment of … Pa.R.C.P. 1910.19(g).

3. Whether the lower court erred when it did not vacate the Order for recoupment of November 25, 2013 even though the record of the lower court established that an overpayment of the support order in question did not occur.

4. Whether the lower court erred when it did not grant the petition to vacate the Order of November 25, 2013 on the ground that it did not have discretion to do so because of the doctrine of co-equal jurisdiction.

Mother's Brief at v.

We must first determine whether the trial court had jurisdiction to vacate the November 25, 2013 order. This is a question of law and, as such, "our standard of review is *de novo,* and our scope of review is plenary." ***Manufacturers & Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 917 (Pa. Super. 2015).

As noted above, the trial court concluded that it did not have jurisdiction to vacate the November 25, 2013 order because that order was not appealed and became final 30 days after it was entered. As this Court has explained,

The law pertaining to the vacation or modification of court orders is stated at 42 Pa.C.S. § 5505 as follows:

- 4 -

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within [30] days after [its] entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> If no appeal is taken within thirty days, an order becomes final; and it cannot thereafter be modified, rescinded or vacated by the court.

*Hunter v. Employers Ins. of Wausau*, 500 A.2d 490, 491 (Pa. Super. 1985). This Court has further observed that

> [t]he [trial] court's authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal.
>
> Although [Section] 5505 gives the trial court broad discretion, the trial court may consider a motion for reconsideration only if the motion is filed within thirty days of the entry of the disputed order. After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court.

*Murphy v. Murphy*, 988 A.2d 703, 708 (Pa. Super. 2010) (quoting *Hayward v. Hayward*, 808 A.2d 232, 235 (Pa. Super. 2002)). Extraordinary cause "is generally [referred to as] an oversight or action on the part of the court or the judicial process which operates to deny the

losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Orie v. Stone*, 601 A.2d 1268, 1272 (Pa. Super. 1992) (quoting *Luckenbaugh v. Shearer*, 523 A.2d 399, 401 (Pa. Super. 1987)).[3]

In the argument section of her brief, Mother essentially contends that extraordinary cause exists for the trial court to exercise its authority to vacate the November 25, 2013 order, as Father's petition for recoupment was untimely filed and no overpayment of support has in fact been made. These contentions do not constitute the type of "extraordinary cause" that would justify intervention by the trial court. Rather, they are Mother's belated attempts to assert challenges to Father's right to recoupment which should have been raised in the context of the proceedings leading up to the entry of the November 25, 2013 order and a direct appeal therefrom. Thus,

---

[3] "The only other time a trial court may modify an order after thirty days is to correct a clerical error or other formal error which is clear on the face of the record and which does not require an exercise of discretion." *Stockton v. Stockton*, 698 A.2d 1334, 1337 n.3 (Pa. Super. 1997); *see also Manufacturers & Traders Trust Co.*, 108 A.3d at 921 ("[A] court has inherent power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record at any time. However, [a] major substantive change, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority. Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (*e.g.*, wrong dates) but no substantive changes can be made. The ability to correct orders is limited to errors that are patent or obvious on the face of the record." (internal quotation marks and citations omitted)).

the trial court did not err in concluding that it lacked jurisdiction to vacate the November 25, 2013 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/28/2015